UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TONY'S TOWING, INC.                                    CIVIL ACTION

VERSUS                                                 NO. 14-176-BAJ-RLB

THE STATE OF LOUISIANA,
LOUISIANA STATE POLICE

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on September 5, 2014.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TONY'S TOWING, INC.                                    CIVIL ACTION

VERSUS                                                 NO. 14-176-BAJ-RLB

THE STATE OF LOUISIANA,
LOUISIANA STATE POLICE

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the court is Plaintiff's Motion to Remand. (R. Doc. 2). The motion is opposed. (R. Doc. 3). Plaintiff filed a Reply. (R. Doc. 9). Based on the applicable law as set forth below, Plaintiff's Motion should be denied.

**I.  BACKGROUND**

On February 11, 2014, Tony's Towing, Inc. ("Plaintiff") filed this suit in the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana ("State Court"), naming as defendant the State of Louisiana, Louisiana State Police (the "State" or "Defendant").[1] (R. Doc. 1-4 at 3-6). Plaintiff alleges that the State has violated the Louisiana Towing and Storage Act, La. Rev. State. §§ 32:1711-1736, and regulations promulgated in furtherance of that Act. Plaintiff claims that despite its license to receive towing calls from the State Police, the State Police refuses to send requests for tow trucks to the Plaintiff because its sole owner is a non-Caucasian person from a foreign country. Plaintiff seeks declaratory relief, and other damages, pursuant to 42 U.S.C. §§ 1983 and 1988.

---

[1] Defendant identifies itself as The State of Louisiana, through the Department of Public Safety and Corrections, Office of State Police. Neither party disputes that immunity provided by the Eleventh Amendment extends to the Louisiana Department of Public Safety and Corrections as an arm or agency of the State. *See, e.g., Anderson v. Phelps,* 655 F. Supp. 560, 563-64 (M.D. La. 1985).

The State removed the action on March 26, 2014 on the ground that the court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. (R. Doc. 1).[2] The Notice of Removal provides that the State does not waive, and affirmatively reserves, "all defenses and objections to the Plaintiff's Petition for Damages." (R. Doc. 1 at 3).

On April 1, 2014, Plaintiff moved to remand his suit to state court. (R. Doc. 2). In support of his motion, Plaintiff asserts that this court "does not have original jurisdiction in so far as the State of Louisiana has not waived its Eleventh Amendment immunity this requiring the action to be brought in State Court." (R. Doc. 2-2 at 1). Plaintiff argues that removal is improper in light of La. Rev. Stat. § 13:5106(A), which provides that "[n]o suit against the State or a state agency or political subdivision shall be instituted in any Court other than a Louisiana State Court." (R. Doc. 2-2 at 3).

In opposition, the State argues that in light of the U.S. Supreme Court's ruling in *Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613 (2002), and subsequent interpretations of that ruling by the Fifth Circuit and Louisiana federal courts, the very act of removing a case to federal court constitutes an unequivocal voluntary waiver of the State's Eleventh Amendment immunity. (R. Doc. 3 at 2-4).

In reply, Plaintiff argues that under La. Rev. Stat. § 13:5106(A), the Louisiana Attorney General does not have any authority to voluntarily waive the State's Eleventh Amendment immunity through removal of an action. Plaintiff attempts to distinguish *Lapides*, which addressed whether the Georgia Attorney General voluntarily waived the State of Georgia's Eleventh Amendment immunity by removing an action initiated in state court. (R. Doc. 9 at 3-4).

---

[2] In the "wherefore" clause of the Notice of Removal, the State suggests that the court has jurisdiction based on complete diversity of citizenship and satisfaction of the amount in controversy. (R. Doc. 1 at 4). The State has not proven that the court has jurisdiction pursuant to 28 U.S.C. § 1332(a), and the court finds no jurisdiction on that ground.

Plaintiff claims that such a waiver of Eleventh Amendment immunity is prohibited by Louisiana law.

## II. LAW & ANALYSIS

The Eleventh Amendment of the United States Constitution provides, in pertinent part, that "the Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State. . . ." The Supreme Court has interpreted the immunity from suits provided by the Eleventh Amendment to extend to suits brought by a citizen against his or her own state. *See Hans v. Louisiana*, 134 U.S. 1 (1890); *see also Alden v. Maine*, 527 U.S. 706, 728-29 (1999) ("The Eleventh Amendment confirmed, rather than established, sovereign immunity as a constitutional principle; it follows that the scope of the States' immunity from suit is demarcated not by the text of the Amendment alone but by fundamental postulates implicit in the constitutional design."). The immunity from suit provided by the Eleventh Amendment is not absolute, as it can be abrogated by Congress or waived by the state. *College Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999).

The U.S. Supreme Court has held that voluntary removal of an action filed in state court by a State "is a form of voluntary invocation of a federal court's jurisdiction sufficient to waive the State's otherwise valid objection to litigation of a matter . . . in a federal forum." *Lapides v. Bd. of Regents of Univ. Sys. of Georgia*, 535 U.S. 613, 624 (2002); *see also Meyers ex rel. Benzing v. Texas*, 410 F.3d 236, 241 (5th Cir. 2005) (by removing a civil rights class action to federal court, the State of Texas voluntarily invoked the jurisdiction of the federal courts and waived its sovereign immunity from suit in federal court).[3] After the *Lapides* decision was

---

[3] In contrast, the Fifth Circuit has held that "where the State of Louisiana [is] involuntarily haled into federal court as a defendant" it does not voluntarily invoke or unequivocally submit to federal

issued, this court specifically held that the State of Louisiana waives its Eleventh Amendment immunity when the Louisiana Attorney General removes an action to federal court. *See Levy v. Office of Legislative Auditor*, 362 F. Supp. 2d 729, 733-35 (M.D. La. 2005); *Varnado v. Hegmann*, 211 F. Supp. 2d 801 (M.D. La. 2002); *see also Spooner v. Jackson*, 251 F. App'x 919, 924 (5th Cir. 2007) (stating that the plaintiff is correct that the "State of Louisiana and the Department of Public Safety waived sovereign immunity under the Eleventh Amendment by removing the case to federal court.") (citing *Lapides*, 535 U.S. 613 and *Meyers*, 410 F.3d 236). Plaintiff has presented no controlling decisional law that contradicts this court's rulings.[4]

Plaintiff's arguments regarding the alleged lack of power of the Attorney General of Louisiana to voluntarily waive the State of Louisiana's Eleventh Amendment immunity by removing a state court action to federal court are unavailing. Plaintiff attempts to distinguish *Lapides* by arguing that the Georgia Attorney General had the power to waive the State of

---

jurisdiction. *See Union Pacific R. Co. v. Louisiana Public Service Com'n*, 662 F.3d 336 (5th Cir. 2011); *see also Fields v. Dept. of Public Safety*, 911 F. Supp. 2d 373, 378-79 (M.D. La. 2012) (where plaintiff filed civil rights action directly in federal court, the State of Louisiana did not "voluntarily invoke" the federal court's jurisdiction or "make a clear declaration expressing its intent to submit itself" to the federal court's jurisdiction). In its Reply, Plaintiff wrongly suggests that the State's position in *Fields* (non-waiver of immunity when the State is directly and involuntarily sued in federal court) is inconsistent with the State's position in this action (waiver of immunity when the State voluntarily removes an action from state court to federal court) (*See* R. Doc. 9 at 3). Contrary to Plaintiff's assertion, the State has simply demonstrated their ability to make a voluntary choice to invoke the federal court's jurisdiction in a particular case.

[4] Plaintiff relies on a non-binding decision by the Eastern District of Louisiana that pre-dates *Lapides*. *See Rowe v. Summers*, No. 97-cv-3703, 1998 WL 204784 (E.D. La. Apr. 24, 1998). After *Lapides*, the Eastern District of Louisiana noted that the "a State's voluntary action in removing a case from state to federal court constitutes an unequivocal waiver of Eleventh Amendment immunity." *Lockett v. New Orleans City*, 639 F. Supp. 2d 710, 722 (E.D. La. 2009), *aff'd*, 607 F.3d 992 (5th Cir. 2010). Furthermore, like this court, the Western District of Louisiana has affirmatively held that the removal of an action against the State of Louisiana waives the State's Eleventh Amendment immunity. *See Simmons v. Sabine River Auth. of Louisiana*, 823 F. Supp. 2d 420, 440 (W.D. La. 2011); *Archie v. LeBlanc*, No. 08-cv-1381, 2010 WL 3522296 (W.D. La. July 28, 2010) *report and recommendation adopted*, 2010 WL 3522293 (W.D. La. Sept. 2, 2010) *aff'd*, 447 F. App'x 591 (5th Cir. 2011).

Georgia's Eleventh Amendment immunity through Ga. Code Ann. § 50-21-23(b),[5] whereas the Louisiana Attorney General is prohibited from waiving the State of Louisiana's Eleventh Amendment immunity in light of La. R.S. §13:5106(A).[6]

The court sees no relevant distinction between the Georgia and Louisiana statutes, as they both waive sovereign immunity with regard to actions brought in their respective state courts and neither purports to grant the Attorney General of either state the power to voluntarily waive Eleventh Amendment immunity by removing an action to federal court. *See Varnado*, 211 F. Supp. 2d at 803 n.2 (M.D. La. 2002). More importantly, this court has addressed and rejected arguments similar to those raised by Plaintiff in the *Levy* and *Varnado* decisions.

## III. CONCLUSION

Accordingly, by removing this action to federal court, the Louisiana Attorney General has voluntarily waived the State of Louisiana's Eleventh Amendment immunity to suit in federal court. Furthermore, the court has federal question jurisdiction in light of the Plaintiff's causes of action brought under federal law. *See* 28 U.S.C. § 1331.

### RECOMMENDATION

It is the recommendation of the magistrate judge that the Plaintiff's Motion to Remand (R. Doc. 2) be **DENIED**.

Signed in Baton Rouge, Louisiana, on September 5, 2014.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[5] "The state waives its sovereign immunity only to the extent and in the manner provided in this article and only with respect to actions brought in the courts of the State of Georgia. The state does not waive any immunity with respect to actions brought in the courts of the United States." Ga. Code Ann. § 50-21-23(b).

[6] "No suit against the state or a state agency or political subdivision shall be instituted in any court other than a Louisiana state court." La. R.S. §13:5106(A).