UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TONY'S TOWING, INC.                                      CIVIL ACTION

VERSUS

STATE OF LOUISIANA, LOUISIANA                            NO.: 14-00176-BAJ-RLB
STATE POLICE

## RULING AND ORDER

Before the Court is Defendant's **MOTION FOR SUMMARY JUDGMENT (Doc. 16)** filed by the State of Louisiana, Office of State Police, pursuant to Federal Rule of Civil Procedure 56, seeking dismissal of all of Plaintiff Tony Towing, Inc.'s claims against it. No opposition was filed. Oral argument is not necessary. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

I.  Background[1]

Tony's Towing, Inc. ("Tony's Towing") is a towing company whose primary offices are located on the Eastbank of St. Charles Parish in St. Rose, Louisiana. (Doc. 16-3 at ¶ 1). Tony's Towing alleges that it received a license to receive towing calls from the State of Louisiana, Office of State Police ("State Police"). (*Id.* at ¶ 2). State Police Troops maintain tow rotation lists of approved companies for their respective areas of responsibility. (*Id.* at ¶ 3). State Police Troop B ("Troop B")

---

[1] In accordance with Rule 56 of the Local Rules of the United States District Court for the Middle District of Louisiana, the State Police submitted a statement of undisputed material facts along with its Motion for Summary Judgment. (Doc. 16-3). Because Tony's Towing did not file an opposition to the instant motion, all of the facts contained in the State Police's Statement of Uncontested Facts will be deemed admitted for purposes of this Ruling and Order. *See* Local Rule 56(b) ("All material facts set forth in the statement required to be served by the moving party will be deemed admitted. . . unless controverted as required by this Rule.").

1

maintains the tow rotation list for St. Charles Parish, the area that is the subject of the instant lawsuit. (*Id.*).

Any company in Troop B's area of responsibility that passes a background check and withstands a one-year probationary period is eligible to be placed on a tow rotation list. (*Id.* at ¶ 4). The tow zone for Troop B is subdivided into smaller zones within its area of responsibility, generally organized by parish. (*Id.* at ¶ 5). Approved tow companies are placed on the tow rotation list for the parish in which they are located. (*Id.*). This allows the towing company to respond to the State Police's tow request within forty-five minutes as required by State Police guidelines. (*Id.*). For organizational purposes related to the State Police computer system, the tow rotation lists for St. Charles and Jefferson Parishes are further subdivided between the Eastbank and Westbank of each parish. (*Id.* at ¶ 6). Towing companies in St. Charles Parish are able to respond to tow requests for both the Eastbank and the Westbank within the forty-five minute period prescribed. (*Id.* at ¶7). As such, approved tow companies may participate on both the Eastbank and Westbank tow rotation lists. (*Id.*).

The State Police also maintains separate lists based upon a company's towing capacity. (*Id.* at ¶ 8). Capacity is broken down by "heavy duty," "medium duty," and "regular" classifications. (*Id.*). Tony's Towing, Jake's Towing and Recovery ("Jake's"), and Louie's Wrecker Service, Inc. ("Louie's) are all licensed and approved for tows on the State Police's rotation list for the Eastbank of St. Charles Parish. (*Id.* at ¶ 9). Tony's Towing is approved for only the regular tow rotation list because

it does not have the capacity to perform heavy duty and/or medium tows.[2] (*Id.* at ¶ 10). Tony's Towing was also approved to be on the rotation list for the Westbank of St. Charles Parish, but declined the opportunity.[3] (*Id.* at ¶ 11).

If and when the State Police determines that a vehicle must be towed on the Eastbank of St. Charles Parish, it asks the owner of the vehicle if he or she has a preferred towing company. (*Id.* at ¶ 12). If the owner of the vehicle requests a specific towing company, such as Tony's Towing, that company is called. (*Id.* at ¶ 13). If the owner of the vehicle has no preference, the State Police consults its computer system to identify an approved towing company from the appropriate tow rotation list. (*Id.* at ¶ 14).

Prior to December 3, 2014, the automated computer system rotated between only two companies – Tony's Towing and Jake's – each time the computer was consulted for regular tows. (*Id.* at ¶ 15). As of December 3, 2014, a third towing company, Louie's, was added as an approved towing company for the Eastbank tow rotation list. (*Id.* at ¶ 16). Accordingly, the computer system now rotates between three companies – Tony's Towing, Jake's, and Louie's – each time it is consulted for regular tows. (*Id.*).

If the towing company identified by the computer system is unable to perform the tow at the requested time, the next tow company on the list is contacted. (*Id.* at

---

[2] Neither Tony's Towing nor Louie's are able to perform heavy duty tows. (Doc. 16-4 at ¶ 23). Unlike Tony's Towing, however, Louie's is capable of performing medium duty tows. (*Id.*). Jake's is the only company of the three that is contacted to perform regular, medium duty, and heavy duty tows. (*Id.* at ¶ 24).

[3] Unlike Tony's Towing, both Jake's and Louie's remain on the approved tow rotation list for both the Eastbank and Westbank of St. Charles Parish. (*Id.* at ¶¶ 20-21).

3

¶ 17). After a towing company is identified and contacted, it moves to the end of the list, regardless of whether it accepted or declined the tow request. (Doc. 16-4 at ¶ 16). Neither the State Police nor its computer system considers race and/or national origin in selecting the tow company to be contacted. (Doc. 16-3 at ¶ 18). At the time Tony's Towing filed its Petition, and as a result of the State Police's towing procedures, Tony's Towing received a majority of the tows requested for the Eastbank of St. Charles Parish. (*Id.* at ¶19). For example, from August 10, 2013, to February 4, 2014, Tony's Towing received approximately 55% of all tows requested for the Eastbank of St. Charles Parish. (*Id.* at ¶ 20). By contrast, Jake's received only 37% of available tows during the same period.[4] (*Id.*).

Nevertheless, Tony's Towing commenced the instant action in the Nineteenth Judicial District for the Parish of East Baton Rouge on February 11, 2014, against the State Police alleging that the State Police refused to send tow calls to Tony's Towing because its owner is a non-Caucasian person who was born in the Dominican Republic. (Doc. 1-4 at ¶¶ 7-9). More specifically, Tony's Towing alleges that the State Police sent tow calls to a Caucasian-owned company that is not licensed to provide tows in the designated zone, in violation of the Louisiana Towing and Storage Act and 42 U.S.C. §§ 1983, 1988. (*Id.* at ¶ 7, 10). On March 26, 2014, following service of the petition, the State Police timely removed the action to the United States District Court for the Middle District of Louisiana on the basis of

---

[4] With respect to the 147 tows generated simply based on the computer system from August 10, 2013, to February 4, 2014, Tony's Towing received 55% and Jake's received 45%. (Doc. 16-4 at ¶ 35). With respect to the fifty-one tows wherein the customer or driver requested a specific company, Tony's Towing received 61% of the tows, Jake's received 18%, and 21% went to other unknown companies. (*Id.*).

4

federal question jurisdiction. (Doc. 1). Tony's Towing seeks damages, attorney's fees, and a declaratory judgment mandating that the State Police provide all tows in Zone C[5] to Tony's Towing, as it is allegedly the only licensed tow operator in said zone. (Doc. 1-4 at p. 5).

II. **Standard of Review**

Pursuant to the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether the movant is entitled to summary judgment, the court views the facts in the light most favorable to the non-movant and draws all reasonable inferences in the non-movant's favor. *Coleman v. Houston Independent School District*, 113 F.3d 528, 533 (5th Cir. 1997).

After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). At this stage, the court does not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991), *cert. denied*, 502 U.S. 1059 (1992). However, if the evidence in the record is such that a reasonable jury, drawing all inferences in favor of the non-moving party, could

---

[5] Notably, nothing in Tony's Towing Petition or the instant motion specifically describes the geographic boundaries of "Zone C." (*See* Docs. 1-4, 16). Because Tony's Towing did not file an opposition to the instant motion, there has been no further guidance provided regarding the boundaries of "Zone C."

arrive at a verdict in that party's favor, the motion for summary judgment must be denied. *Int'l Shortstop, Inc.*, 939 F.2d at 1263.

On the other hand, the non-movant's burden is not satisfied by some metaphysical doubt as to the material facts, or by conclusory allegations, unsubstantiated assertions, or a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). In other words, summary judgment will lie only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." *Sherman v. Hallbauer*, 455 F.2d 1236, 1241 (5th Cir. 1972).

## III. Discussion

As an initial matter, Tony's Towing's Petition does not specify the geographic area in which the alleged violation of the Louisiana Towing and Storage Act took place beyond referring to it as "Zone C." (*See* Doc. 1-4 at ¶¶ 6-8, 10). However, elsewhere in its Petition, Tony's Towing asserts that it is "licensed to operate and doing so in The State of Louisiana, Parish of St. John the Baptist." (*Id.* at ¶ 3). In its Motion for Summary Judgment, the State Police avers that "Plaintiff is not on the approved rotation list for St. John the Baptist Parish," but instead, is on the approved list for St. Charles Parish. (Doc. 16-2 at p. 8 n.24). Because Tony's

Towing did not file an opposition to the instant motion, this fact is deemed uncontested. Further, Tony's Towing alleges that it was doing business in St. Rose, Louisiana, which is in St. Charles Parish. Thus, for purposes of this motion, the Court will assume that the area designated in Tony's Towing's Petition, "Zone C," actually refers to St. Charles Parish and not St. John the Baptist Parish, or that Tony's Towing mistakenly identified the tow Zone at issue.

### A. The Louisiana Towing and Storage Act

The Louisiana Towing and Storage Act ("Tow Act"), La. R.S. 32:1711, *et seq.*, outlines the procedure for the creation and maintenance of a tow rotation list that is used when a vehicle must be towed from a roadway. *See* La. R.S. § 32:1735. It provides:

> A. When a law enforcement officer determines that a motor vehicle must be towed, the law enforcement officer shall give the owner or operator of the motor vehicle the option to select a licensed towing company to tow his vehicle. If the owner or operator of the motor vehicle is unable to select a licensed towing company, chooses not to select a particular licensed towing company, or an emergency situation requires the immediate removal of the vehicle, the next available licensed towing company on the approved law enforcement rotation list shall be called by the law enforcement officer to tow the vehicle.
>
> B. The towing company selected by the owner or operator of a motor vehicle or the law enforcement officer shall be allowed to respond to the call within forty-five minutes. If the towing company fails to respond within forty-five minutes, the law enforcement officer may select the next available towing company from the approved rotation list.

La. R.S. § 32:1735. The Tow Act also provides that "[l]aw enforcement agencies may establish a rotation list of towing companies with tow trucks licensed in accordance with the provisions of R.S. 32:1716." La. R.S. § 32:1735(C). To be

eligible, a tow truck company must be properly certified, possess the requisite permits, and operate within the regulatory structure outlined by the Louisiana Public Service Commission. *Id.* (citing La. R.S. 45:164 and 180.1). The tow company must also comply with the standards, rules and procedures outlined by the Department of Public Safety and Corrections, Office of State Police to be accepted as a viable participant on the rotation list. *Id.* Finally, the Tow Act prohibits law enforcement from recommending a specific tow company to conduct a tow. La. R.S. § 32:1735(D). Instead, unless the vehicle owner exercises his or her option to select a particular carrier, all tows must be referred to the rotation list. *Id.*

Here, Tony's Towing alleges that the State Police did not allocate tow jobs in accordance with the Tow Act. (Doc. 1-4 at ¶¶ 8-11). In addition, Tony's Towing asserts that it should be given all tows in Zone C, as it is the only licensed operator in that area. (*Id.* at ¶ 13). In opposition, the State Police argues that its maintenance of a tow rotation list in the designated area and its allocation of tow jobs complied with the Tow Act at all times pertinent to this case. (Doc. 16-2 at p. 9, Doc. 16-4 at pp. 5-11). The State Police also argues that Tony's Towing's contention that it is the only licensed operator for the Eastbank of St. Charles Parish is erroneous. (*Id.*). In support, the State Police supplies an affidavit outlining the procedure used when a tow company is needed, the names of the additional companies, and the aggregate data regarding what percentage of the total tow jobs each approved tow company performed. (Doc. 16-4 at ¶ 35).

In short, the State Police's uncontested summary judgment evidence reveals that Troop B's procedure complies with the provisions of the Tow Act.[6] According to the affidavit of Lieutenant John Stelly, any tow company that passes a background check, survives a one-year probationary period, and is within the prescribed geographic area, i.e., is conceivably able to respond to a two request in forty-five minutes, can be added to the tow rotation list. (Doc. 16-4 at ¶¶ 9-10). To facilitate compliance with the forty-five minute response time, Troop B divides its tow zone into smaller geographic areas, which generally match parish lines. (*Id.* at ¶ 11). Because the Mississippi River runs through some of Troop B's area of responsibility, the tow rotation lists for St. Charles Parish and Jefferson Parish are further subdivided into the Eastbank and Westbank of each parish. (*Id.* at ¶ 12). However, because tow companies in St. Charles Parish are able to respond to tow requests on both banks within the requisite forty-five minute period, those tow companies may be added to both the Eastbank and Westbank tow rotation lists. (*Id.* at ¶ 13). There is no indication that any such subdivision is inconsistent with the provisions of the Tow Act. Furthermore, every tow within these areas is delegated to a tow company via the automated computer system unless the vehicle's owner expresses a preference for a specific carrier. (*Id.* at ¶ 15). Then, after a towing company is identified by the automated system and contacted, the company moves to the end of the rotation list, regardless of whether it accepted or declined the job. (*Id.* at ¶ 16).

---

[6] Troop B maintains the tow rotation list which includes all parishes relevant to this litigation. (Doc. 16-4 at ¶ 6).

Consideration of race or national origin plays no role in the selection of the towing company. (*Id.* at ¶ 18).

In addition to having a procedure in place that complies with the Tow Act, the State Police avers that all of the provisions of its procedure were in fact complied with all times relevant to the instant litigation. (Doc. 16-2 at p. 9). The State Police's summary judgment evidence includes a breakdown of each tow job from August 10, 2013, to February 4, 2014, what type of tow job it was, and whether the job was awarded based on the automated system or based on a driver's specific request. (Doc. 16-4 at pp. 7-11). This data confirms that the allocation of tow jobs from August 10, 2013, to February 4, 2014, was administered in accordance with the above described procedure. (*Id.*).

Finally, contrary to Tony's Towing's assertion that it was the only licensed tow company, the State Police's undisputed evidence reveals that there are currently three companies approved to conduct tows on the Eastbank and Westbank of St. Charles Parish – Tony's Towing, Jake's,[7] and Louie's.[8] (Doc. 16-4 at ¶¶ 19-21). Unlike Jake's and Louie's, however, Tony's Towing declined the opportunity to participate on the Westbank tow rotation list, and thus, only performs tows on the Eastbank. (*Id.* at ¶¶ 20-22). In addition to Tony's Towing's geographic limitations, it is also limited to performing only one type of tow – regular tows. (*Id.* at ¶ 23). By

---

[7] Jake's Towing and Recovery initially appeared on the tow rotation list for only the Westbank of St. Charles Parish. (Doc. 16-4 at ¶ 20). It was later added to the tow rotation list for the Eastbank. (*Id.*). Jake's has been on the approved rotation list for the parish for approximately two to two and a half years. (*Id.*).

[8] Like Jake's, Louie's Wrecker Service initially only appeared on the approved rotation list for the Westbank of St. Charles Parish, but was added to the Eastbank rotation list on December 3, 2014. . (Doc. 16-4 at ¶ 21).

contrast, Louie's is capable of performing regular and medium duty tows, and Jake's is equipped to perform regular, medium duty and heavy duty tows. (*Id.* at ¶ 23).

Because Tony's Towing has put forth no evidence to dispute these facts, the State Police has met its burden of proving that there is no genuine dispute of material fact regarding its implementation of and compliance with the statutory provisions of the Louisiana Storage and Tow Act. Accordingly, the Court finds that the State Police is entitled to summary judgment as a matter of law regarding Tony's Towing's claims under the Louisiana Towing and Storage Act.

### B. Claims Under 42 U.S.C. §§ 1983 and 1988

Section 1983 creates a cause of action against any person who, acting under color of state law, abridges rights, privileges or immunities secured by the Constitution and laws of the United States. To properly assert a claim for relief against a person who, acting under color of state law, violated the claimant's federally protected civil rights a plaintiff must make an initial showing of (1) the deprivation of a federal right and (2) that the person who deprived the plaintiff of that right acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155 (1978); *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

Here, Tony's Towing's Petition alleges that the State Police's actions violated 42 U.S.C. §§ 1983, 1988 because "all tows in Zone C have been given to Caucasian owners of towing companies, despite the fact that they are not licensed in Zone C." (Doc. 1-4 at ¶ 10). However, the State Police's uncontested summary judgment

evidence refutes this assertion. As discussed more expansively above, the State Police has put forth evidence that Tony's Towing was provided numerous opportunities to conduct tow jobs on the Eastbank of St. Charles Parish, and indeed, has been allocated the majority of the tow jobs in that area by the computer generated system. (Doc. 16-4 at ¶ 35). That Tony's Towing was not provided *all* of the tow jobs on the Eastbank of St. Charles Parish is not dispositive. Having failed to put forth any evidence to refute the State Police's evidence that there were additional approved tow companies on the rotation list, and that the tow jobs were awarded via a computer generated rotation list without regard to race or national origin, Tony's Towing has made no showing of any deprivation at all, let alone a deprivation of a federally protected right. Tony's Towing cannot survive the summary judgment stage by simply relying on the unsubstantiated allegations in its Petition. *See Little v. Liquid Air Corp.*, 37 F.3d at 1075. Because Tony's Towing has failed to set forth specific facts showing that there is a genuine issue for trial, Tony's Towing's claims must fail as a matter of law.

Moreover, as the State Police highlights, to properly allege a § 1983 due process claim, "a plaintiff must first identify a life, liberty or property interest protected by the Fourteenth Amendment and then identify a state action that resulted in a deprivation of that interest." *Blackburn v. City of Marshall*, 42 F.3d 925, 935 (5th Cir. 1995) (citing *San Jacinto Sav. & Loan v. Kacal*, 928 F.2d 697, 700 (5th Cir. 1991)). In short, having failed to put forth any evidence to contest or in any way question the State Police's data, Tony's Towing has failed to meet even this

initial burden. If anything, Tony's Towing has deprived itself of additional opportunities by declining to participate on the Westbank tow rotation list for St. Charles Parish. (Doc. 16-4 at ¶ 22). Accordingly, the State Police is entitled to summary judgment as a matter of law.

## IV. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that the State of Louisiana, Louisiana State Police's **MOTION FOR SUMMARY JUDGMENT (Doc. 16)** is **GRANTED**.

Baton Rouge, Louisiana, this 16th day of April, 2015.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**