UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TONY'S TOWING, INC.                                          CIVIL ACTION

VERSUS

STATE OF LOUISIANA, LOUISIANA                                NO.: 14-00176-BAJ-RLB
STATE POLICE

## RULING AND ORDER

Before the Court is Plaintiff's **Motion for Relief from Judgment (Doc. 23)** filed by Tony's Towing, Inc., ("Plaintiff") pursuant to Federal Rule of Civil Procedure ("Rule") 60, seeking relief from this Court's Ruling and Order granting the State of Louisiana, Louisiana State Police's ("Defendant") Motion for Summary Judgment. (Doc. 22).

It is well-established that in the context of a motion for summary judgment, a plaintiff may not rest upon mere allegations or assertions contained in its pleadings in opposing such a motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). To meet its burden of proof, the party opposing a motion for summary judgment "*may not sit on its hands, complacently relying upon the pleadings.*" *Weyant v. Acceptance Insurance Co.*, 917 F.2d 209, 212 (5th Cir. 1990) (emphasis added). Instead, a plaintiff must designate specific evidence in the record of sufficient caliber and quantity to create a genuine issue for trial, or produce supporting evidence on his own behalf. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574,

1

587 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Phillips Oil Company v. OKC Corp.*, 812 F.2d 265 (5th Cir. 1987).

Here, in ruling on the Motion for Summary Judgment, the Court used the limited universe it had before it -- evidence adduced by Defendant, supported by documentation, which reflected that the State Police did not "refuse[] to send tow calls to Tony's Towing," and that Tony's Towing was not the only licensed agency as Plaintiff alleges. (Docs. 22, 1-4). Based upon this documentation, and based upon Plaintiff's failure in this case to oppose Defendant's motion, or to designate any evidence in the record to create a genuine issue for trial, or to produce supporting evidence on its own behalf, the Court held that Defendant was entitled to summary judgment as a matter of law. (Doc. 22). Plaintiff now argues that it be granted relief from that ruling pursuant to Rules 60(b)(1) and (3). The Court declines to award Plaintiff the requested relief for the reasons outline below.

Rule 60(b)(1) permits a court to relieve a party from a final judgment or order due to "mistake, inadvertence, surprise or excusable neglect." In *Pioneer Investment Servs. Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380 (1993), the United States Supreme Court stated that the determination of "excusable neglect" is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395. These circumstances include the risk of prejudice to the non-movant; the length of delay; the reason for the delay, including whether it was within the reasonable control of the movant; and whether the movant acted in good faith. *Id.* Though *Pioneer* concerned the bankruptcy rules, it has been

applied to requests for relief under Rule 60(b)(1). *See Silvercreek Mgmt., Inc. v. Banc of America Sec., LLC,* 534 F.3d 469, 472 (5th Cir. 2008).

Here, despite notice and an opportunity to appear, Plaintiff failed to come forward with any opposition to Defendant's motion or to the factual assertions contained therein. In the instant motion Plaintiff asserts that its failure to respond resulted from reliance "upon a phone call with the Court's office," in which counsel's assistant was told "that the Court would set the Motion and the opposition would be due at that time." (Doc. 23-1 at pp. 1-2, 3). Plaintiff attaches an Affidavit from the assistant in support. (Doc. 23-2). The Court categorically rejects the credibility of this affidavit given its lack of specificity.[1] Moreover, the Court is compelled to note that one-hundred and six days elapsed between the filing of the summary judgment motion, and this Court's Ruling. At no time was a hearing on the motion set. More importantly, however, it is not the custom in the Middle District of Louisiana to set dates for motions hearings or outline deadlines for submitting briefs in opposition. Instead, the Local Rules for this District state that "[e]ach respondent opposing a motion shall file a response, including opposing affidavits, memorandum, and such supporting documents as are then available, within 21 days after service of the motion." Local Rule 7.4.[2] If counsel for Plaintiff was unsure about how to respond

---

[1] In particular, the affidavit lacks the date and time upon which the call was allegedly made, as well as the person to whom the affiant allegedly spoke. (*Id.*). Moreover, the affiant only states that she called "the Court," thus, failing to indicate whether she spoke with someone in the Judge's Chambers or an employee in the Clerk of Court.

[2] The Court has cited the Local Rules in effect at the time the Motion for Summary Judgment was filed. The Local Rules have been updated, effective April 2, 2015, however, there has been no change to the time frames outlined. *See* Local Rule 7(f). Notably, the Local Rules also delineate the

to Defendant's motion, he should have consulted the Local Rules, which he previously swore, affirmed or promised that he read and was fully prepared to use and abide by upon admission to this District. He is now strongly admonished for his failure to do so.

Plaintiff further avers that relief is warranted because had Plaintiff responded to Defendant's motion, its response would have been simple -- to oppose the motion under Rule 56(d), which permits the nonmovant to show by affidavit or declaration that "for specified reasons, it cannot present facts essential to justify its opposition." (Doc. 23-1 at p. 3). The Court fully agrees that such a response would have been appropriate under the circumstances, however, this assertion does nothing to explain why Plaintiff failed to file such a response. Instead of filing the motion and timely alerting the Court that it did not yet obtain facts necessary to properly address the motion, or seek an extension, Plaintiff remained silent. Moreover, that the motion was filed "without any discovery," is irrelevant, as Rule 56 states only that "a party may file a motion for summary judgment *at any time until 30 days after the close of all discovery.*" Fed. R. Civ. P. 56(b) (emphasis added).[3]

---

procedure for seeking an extension, *see* Local Rule 7.6, but, Plaintiff did not seek leave for an extension in the instant matter, and thus, this rule is inapplicable here.

[3] Had Plaintiff requested such an extension, the Court almost assuredly would have granted, it as a motion for continuance under Rule 56(d) is "broadly favored and should be liberally granted." *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006). Indeed, when "the party opposing the summary judgment informs the court that its diligent efforts to obtain evidence from the moving party have been unsuccessful, 'a continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1267 (5th Cir. 1991) (quoting *Sames v. Gable*, 732 F.2d 49, 51 (3d Cir. 1984)). However, the burden remains on the nonmovant to make such a motion and demonstrate how the requested

Plaintiff next argues that it is entitled to relief under Rule 60(b)(3) due to Defendant's "misconduct." (Doc. 23-1 at p. 5). The Court finds this assertion equally unavailing. In support, Plaintiff highlights alleged "delay tactics" by the Defendants in providing "critical documents core to Plaintiff's claim." (Doc. 23-1 at p. 3). However, beyond filing a single Motion to Compel (Doc. 19), which was ultimately dismissed per Plaintiff's request (Doc. 21), there is no record of Defendant's noncompliance with discovery obligations in the record. Indeed, to the contrary, Plaintiff informed the Magistrate Judge that Defendant "formally responded" to its discovery, and the "parties [were] working through any deficiencies in the responses." (Doc. 21 at p. 2). Further, although Plaintiff avers that it had been "continuously pushing for . . . the towing logs," Defendant provided Louisiana State Police records for tow jobs performed on the Eastbank of St. Charles Parish from August 10, 2013, to February 4, 2014 as an exhibit to its motion for summary judgment. (Doc. 16-4 at pp. 7-11). Although Plaintiff may have preferred data for a period of over six months, Plaintiff made no effort to contest the data it did have that was also presented to the Court.

In sum, the Court does not take issue with Plaintiff's "inability to provide a meaningful defense to the Motion for Summary Judgment." (Doc. 23-1 at p. 6). However, the Court does take issue with Plaintiff's utter failure to provide any response to Defendant's Motion for Summary Judgment, and failure to provide good

---

discovery pertains to the summary judgment motion and that it has diligently pursued the relevant discovery. *Id.* at 1267. Here, Plaintiff avers that it sought tow log data beyond that which Defendant submitted in support of its motion for summary judgment. (Doc. 23 at pp. 5-6). However, given the compelling nature of the several months of data that were presented in support of Defendant's motion, such information would have been extremely difficult to overcome.

5

grounds for its failure to do so. Thus, for the foregoing reasons, Plaintiff's Motion for Relief from Judgment (Doc. 23) is **DENIED**.

Baton Rouge, Louisiana, this 23rd day of April, 2015.

*[signature]*

**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**